**UNITED STATES v. SPADAFORA.**
**No. 10882.**

United States Court of Appeals
Seventh Circuit.

Oct. 8, 1953.

Rehearing Denied Oct. 22, 1953.

**292**

Hugo M. Spadafora, pro se.

Otto Kerner, Jr., U. S. Atty., Anna R. Lavin, John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and SWAIM, Circuit Judges.

PER CURIAM.

In this proceeding appellant was not represented by counsel and was unable to be present at the time set for the oral argument before this court. Government counsel very properly agreed that the case be submitted to us on the briefs filed herein.

On December 12, 1949, after a trial before a jury, appellant was convicted of possession of forged and counterfeit $20 and $10 Federal Reserve Notes and of conspiracy to pass, utter and to keep and possess said notes. He appealed to this court from the judgment of conviction, among other contentions charging error in the district court's ruling on his defenses of entrapment and unlawful search and seizure. This court sustained the conviction of possession of the counterfeit notes. United States v. Spadafora, 7 Cir., 181 F.2d 957, certiorari denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650, rehearing denied 340 U.S. 916, 71 S.Ct. 283, 95 L.Ed. 662. Subsequently appellant filed a motion in the district court, under 28 U.S.C. § 2255, to vacate the sentence and judgment. This motion was denied on May 23, 1951. An appeal was taken and this court affirmed without opinion on September 20, 1951, and denied a petition for rehearing on October 5, 1951.

On February 14, 1952, appellant filed a petition in the district court which he entitled, "Petition for Writ of Error *Coram Nobis* and/or Motion to Vacate Fraudulent Trial Court Proceedings." The district court treated the petition as one brought under Sec. 2255, and on June 26, 1952, summarily denied the motion on the ground that said court was not required under the statute to entertain a second and successive motion, and further that the motion, files and records in the case conclusively showed that appellant was entitled to no relief. This court sustained the action of the district court. United States v. Spadafora, 7 Cir., 200 F.2d 140.

On March 11, 1953, appellant filed in the district court a "Petition for Writ of Independent Action and/or Motion to Erase Erroneous Sentence." On the same day the trial court denied the petition on the ground that it was not required to entertain successive motions or petitions under the statute, 28 U.S.C. § 2255, and that the motions, files and records in the case conclusively showed that appellant was not entitled to relief. On appeal appellant urges that his present motion is outside the purview of Sec. 2255, but is authorized by 28 U.S.C. § 1651(a), which gives district courts the power to issue all writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." He also relies on Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.

Title 28 U.S.C. § 1651(a) operates only as an incident to jurisdiction. After jurisdiction attaches that section may be invoked to determine what writs are necessary to the exercise of that jurisdiction, and what writs are agreeable to the usages and principles of law. Thompson Products, Inc., v. N. L. R. B., 6 Cir., 133 F.2d 637. Appellant's position that his petition for review is authorized under 28 U.S.C. § 1651(a) cannot be sustained.

The portion of Rule 60(b) relied on by appellant is "Writs of *coram nobis, coram vobis, audita querela,* and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." Appellant seizes upon the last phrase, "or by an independent action," but we think the rule is correctly stated in Wallace v. United States, 2 Cir., 142 F.2d 240, at page 244, where the court said: "But we agree with Moore that the Rule's history indicates that 'action' was intended also to cover whatever could have been done by a writ of error *coram nobis* or *coram vobis,* or a bill of review, or a bill in the nature of a bill of review, despite the fact that any such proceeding was, before the new rules, not an independent 'action' but ancillary to the main suit."

We hold that the appellant was not authorized to bring any independent action under the provisions of Rule 60 (b), and that a petition under 28 U.S.C. § 2255 was his only possible recourse. We think the district court properly treated appellant's petition and motion as a motion to vacate and set aside the judgment of conviction under Sec. 2255.

We have again given careful study and consideration to all of the contentions and arguments advanced by appellant. Every point he makes on the present appeal has been considered by us heretofore, with the exception that he now alleges error because he claims the trial court informed the bailiff that if the jury desired to propound an inquiry to the court it should do so in writing. However, if such an alleged error were made, it could only have been brought to our attention on an appeal from the judgment of conviction. "Mere errors of law occurring in the trial which could be corrected by an appeal, cannot serve as grounds for an attack on the sentence under § 2255." United States v. Jonikas, 7 Cir., 197 F.2d 675, 676.

It may not be amiss to again emphasize that persons adjudged guilty of crime should understand that 28 U.S. C. § 2255 does not give them the right to have a retrial. Questions of sufficiency of the evidence or involving errors of either law or fact must be raised by timely appeal from the judgment of conviction. Taylor v. United States, 4 Cir., 177 F.2d 194.

We can do no better than repeat what we have heretofore said in United States v. Spadafora, 200 F.2d 140, 143, "* * We agree with the district court that the files and records in the case conclusively show that appellant was not entitled to any relief."

The order of the district court denying appellant's petition is affirmed.