David D. BOCOCK, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 11515.

United States Court of Appeals
Seventh Circuit.

Nov. 8, 1955.

David D. Bocock, pro se.

Jack C. Brown, U. S. Atty., Indianapolis, Ind., James L. Miller, Asst. U. S. Atty., Indianapolis, for defendant-appellee.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

PER CURIAM.

The District Court denied plaintiff's motion under Title 28 U.S.C. § 2255, to vacate a judgment of conviction rendered in November, 1952. Defendant, Ada Miller, and Everett Edward Hack, were all found guilty after a jury trial of violating Title 18 U.S.C. § 472 (procuring another to pass counterfeit currency with intent to defraud), and Title 18 U.S.C. § 371 (conspiracy to pass counterfeit money).

Bocock's co-defendant, Everett Edward Hack, appealed to this Court but his conviction was sustained. United States v. Hack, 7 Cir., 205 F.2d 723, certiorari denied 346 U.S. 875, 74 S.Ct. 127, 98 L.Ed. 383.

On February 27, 1955, plaintiff filed a motion in the District Court under said Section 2255 for "correction of judgment." This motion was denied and Bocock appealed to this Court. The action of the District Court was affirmed by this Court in Bocock v. United States of America, 7 Cir., 216 F.2d 465.

Plaintiff seeks now to raise questions most of which have to do with the sufficiency of the evidence to sustain his conviction. Such questions as he now attempts to raise under Section 2255 must be raised by direct appeal from the judgment of conviction. Klein v. United States, 7 Cir., 204 F.2d 513. Section 2255, Title 28, does not provide a method to try over again cases in which defendants have been adjudged guilty of crime. Whether the questions raised be as to the sufficiency of the evidence or involve alleged error of fact or law, they may be raised only by timely appeal. United States v. Jonikas, 7 Cir., 197 F.2d 675. Plaintiff is entitled to no relief on his motion filed under Section 2255. This, his second motion under that statute, was correctly denied by the District Court.

As plaintiff is presently confined, defendant-appellee waived oral argument and the issues were considered by this Court upon the briefs filed.

Affirmed.