**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert William SCHULTZ, Jr.,
Defendant-Appellant.**

**No. 13052.**

United States Court of Appeals
Seventh Circuit.

Feb. 15, 1961.

Robert William Schultz, Jr., pro se.

Edward G. Minor, U. S. Atty., Milwaukee, Wis., Matthew M. Corry, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before DUFFY, SCHNACKENBERG and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

This appeal is from the denial by the United States District Court for the Eastern District of Wisconsin of appellant's petition for vacation of sentence under section 2255, Title 28, U.S.C. The papers and pleadings in behalf of the appellant were filed by him appearing *pro se.* As appellant was unable to appear personally before us at the time set for oral argument, counsel for the government stipulated and agreed the case would be submitted upon the briefs

theretofore filed and without oral argument. This was done.

In June, 1958, appellant was charged in a one-count indictment with attempting to rob the State Bank of Mayville, Knowles, Wisconsin, in violation of section 2113(a), Title 18, U.S.C., and with assaulting and putting in jeopardy the life of an employee of said bank, in violation of section 2113(d), Title 18, U.S.C. Appellant was promptly brought before the District Court and was advised of his constitutional rights including the right to counsel. Appellant expressed a desire to be represented by an attorney, but stated that he was without funds. The Court appointed Albert F. Houghton, Esq., of the Milwaukee Bar to represent him. Mr. Houghton was formerly an Assistant District Attorney of Milwaukee County, and a lawyer of experience and ability in the field of criminal law. Appellant entered a plea of not guilty. He waived his right to a jury trial and was tried before the Court, Honorable Kenneth P. Grubb, presiding.

The trial consumed four court days. One government witness was Frank Mark Thompson who, in a Rule 20, Federal Rules of Criminal Procedure, 18 U.S.C.A., proceeding, had pleaded guilty in the United States District Court for the Western District of Washington, to the same charges contained in the indictment filed against appellant, but who, at that time, had not been sentenced. Thompson testified he and appellant planned the bank robbery at Knowles, and that following appellant's direction, he had gone into the bank to execute the robbery while appellant remained in the automobile outside. Thompson was vigorously cross-examined, but no admissions were obtained which would indicate that his testimony was false in any degree.

Appellant was convicted of a violation of section 2113(a), Title 18, U.S.C., but was adjudged not guilty of a violation of section 2113(d). He was sentenced to a period of confinement of eight years, the trial judge commenting it was the lightest sentence he had ever imposed in a bank robbery case. A motion for a new trial was filed and denied. No appeal was taken from the judgment of conviction.

Appellant then filed the instant petition under section 2255, Title 28, U.S.C. He also asked that Thompson be subponaed to testify for the government at a hearing on the petition, and that he be allowed to cross examine Thompson. The petition claimed 1) the sentence imposed on him was illegal because it exceeded that given to Thompson in the United States District Court in Washington; 2) that the evidence at his trial did not support his conviction, and 3) that his conviction was obtained by the knowing use by the United States Attorney of perjured and coerced testimony which was knowingly accepted by the Court.

In view of the allegation that the trial court had knowingly accepted perjured testimony, Judge Grubb disqualified himself, and the matter was referred to Chief Judge Tehan who considered the petition.

Judge Tehan concluded that the petition contained nothing but conclusions in regard to the charge of the use of perjured testimony, and that there had been no suggestion that evidence existed to prove any such claim. However, since appellant is a layman, Judge Tehan wrote to him pointing out the infirmities in his petition and offered him the opportunity to supply the essential averments. There was an exchange of several letters which were filed with the record. Judge Tehan concluded that nothing of substance had been added to the petition and determined that no hearing should be ordered since, in the Court's opinion, the files and the records in the case conclusively showed that appellant was not entitled to any relief.

We need not consider the claim of appellant that the evidence does not sustain his conviction. He does point out what he considers to be some inconsistencies, but most of these relate to the charge that he had violated section 2113

(d), Title 18, U.S.C., of which charge he was acquitted by the trial court. Of course, it is well settled that questions as to the sufficiency of the evidence or involving errors of law or fact at the trial, must be raised by appeal from the judgment of conviction and not by a petition under section 2255. Bocock v. United States, 7 Cir., 226 F.2d 720, certiorari denied 350 U.S. 999, 76 S.Ct. 552, 100 L.Ed. 863; United States v. Spadafora, 7 Cir., 207 F.2d 291.

A careful examination of the record convinces us that appellant's constitutional rights were given full protection on his trial before Judge Grubb. He was represented by an attorney of ability and experience. In this respect, Judge Grubb commented, "Mr. Schultz, you were very ably defended. I haven't seen an attorney in this court do a better job defending a defendant on a criminal charge than Mr. Houghton has done in this case. He has been a credit to the Bar Association. Lawyers are put upon to come here and defend indigents, [and] get no fee for it. He has given unstintingly of his time and ability and energy."

Except for his own unsupported assertions, there is nothing in the record to indicate that perjured or coerced testimony was received at appellant's trial. Appropriate here is the comment of this Court in United States v. Spadafora, 7 Cir., 200 F.2d 140, 143. "In order to obtain a hearing under Sec. 2255, a petitioner must make a more substantial showing than merely charging perjury and making the unsupported claim that perjured testimony was knowingly used by the prosecuting authorities. Nor does he meet the burden upon him by pointing out trivial inconsistencies or conflicts in the evidence."

Appellant seems to take comfort from the testimony which shows that he did not go into the bank during the attempted robbery. Assuming the point can properly be raised on this petition, the statement of the Court in Tarkington v. United States, 4 Cir., 194 F.2d 63, 68, is pertinent. "It is also obvious that there is no merit in the contention that the conviction was invalidated because Tarkington was not physically present at the bank when the robbery took place. The distinction between principals and accessories before the fact has been abolished by the provisions of the Federal Criminal Code, 18 U.S.C.A. § 2, that 'whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal.'"

Likewise, there is no merit in appellant's contention that the sentence imposed upon him is illegal because it exceeds the sentence given to Thompson in another District Court. The trial court might have imposed a sentence of twenty years upon appellant. The trial judge stated he was taking into consideration appellant's prior record which included several felony convictions.

Affirmed.