UNITED STATES of America, Plaintiff-Appellee.

v.

Ernest Jefferson WASHINGTON, Defendant-Appellant.

No. 13153.

United States Court of Appeals Seventh Circuit.

March 6, 1961.

William C. Dill, Milwaukee, Wis., for appellant.

Edward G. Minor, U. S. Atty., William J. Mulligan, Matthew M. Corry, Asst. U. S. Attys., Milwaukee, Wis., for appellee.

Before DUFFY, SCHNACKENBERG and MAJOR, Circuit Judges.

DUFFY, Circuit Judge.

Defendant, appearing with counsel of his own choosing, signed a waiver of indictment. He was thereafter charged in an information with forging the endorsement of the payee on a United States Treasury check (Count I), and with uttering said check knowing the endorsement to be forged, and with intent to defraud the United States (Count II). Defendant entered a plea of not guilty.

A trial by jury was had with defendant being represented by counsel. The jury found defendant guilty on both counts. The Court imposed a sentence of five years on each count, the two sentences to be served concurrently. The judgment of conviction was entered on January 18, 1960, and there was no appeal therefrom.

Defendant made known to the District Court that he desired to make a motion to vacate sentence under section 2255, Title 28 U.S.C. The Court directed the clerk to furnish defendant a copy of the information and of the judgment and commitment. The Court also provided other information.

The petition under section 2255 was filed on August 29, 1960. The principal ground alleged was that the information filed against him charged him with forging and uttering, and did not inform him that he would be tried on the theory of aiding and abetting the offense. In effect, defendant charged a prejudicial variance. There was also an allegation that the United States Attorney permitted the use of perjured testimony at the trial, but the record is devoid of any such proof, and this point was not pressed on the appeal before us. On September 23, 1960, the District Court denied defendant's motion under section 2255, and made a finding that the record in the case showed conclusively that petitioner was not entitled to the requested relief.

The appeal to this Court was *in forma pauperis*. William C. Dill, Esq., of the Milwaukee Bar was appointed by this Court to represent defendant. We thank Mr. Dill for his painstaking and efficient services.

Each of the two counts in the information stated the offense charged was a violation of sections 2 and 495 of Title 18 U.S.Code of Laws. Section 495 refers to any one who forges or utters any writing for the purpose of obtaining money from the United States, etc.

Section 2, Title 18 U.S.C., originally provided, "(a) Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal." In 1951, the statute was amended to read, as follows: "(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

At first blush, it might appear there was some substance to the claim the amendment effected a substantive

change in the law so as to require that one be charged as an aider or abettor in an indictment or information if he is to be tried as such. However, the legislative history shows Congress had no such intention, and that this amendment was "intended to clarify and make certain the intent to punish aiders and abettors regardless of the fact that they may be incapable of committing the specific violation which they are charged to have aided and abetted." S.Rep. No. 1020, 82d Cong. 1st Sess., reported in 1951 U. S. Code Cong. & Ad. News, at page 2583. See also, Swanne Soon Young Pang v. United States, 9 Cir., 209 F.2d 245, 246.

We hold there was nothing in the 1951 amendment which required an aider and abettor to be charged as such.

■ Since the date of the 1951 amendment, this Court, on a number of occasions, approved of the rule that an aider and abettor may be charged as a principal. United States v. Carengella, 7 Cir., 198 F.2d 3; United States v. Detente, 7 Cir., 199 F.2d 286, and United States v. Kramer, 7 Cir., 236 F.2d 656. These decisions relied on Nye & Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919.

The record discloses that the defendant was, at no time, misled. From the opening statement on the trial it was clear that the proof to be offered by the government would be that the defendant aided and abetted. The District Court gave a complete instruction to the jury on the aider and abettor statute. Prior to the commencement of the trial, no motion was made for a bill of particulars.

■ Defendant urges the trial court erred in not vacating the judgment for lack of sufficient credible evidence to sustain it. We shall not comment on this argument except to suggest it is well established that questions as to the sufficiency of the evidence must be raised by appeal from the judgment of conviction and not by a petition under section 2255. United States v. Schultz, 7 Cir., 286 F. 2d 753; United States v. Spadafora, 7 Cir., 207 F.2d 291.

We have noted the other objections raised as to the form of the information and hold them to be without merit.

■ The appellant filed his brief and the government responded with an answering brief. Thereafter, the appellant filed a reply brief. These briefs were properly filed and were in accord with Rule 16(a) of this Court, 28 U.S.C.A. However, without permission or order of the Court, the government filed what was designated as a reply brief, but which was, in fact, a reply to the reply brief of appellant. This was improper and in violation of our rule. Under unusual circumstances, permission of the Court might be given to make some short reply to a reply brief, but under ordinary circumstances, such permission will not be granted.

As the District Court was correct in denying the relief asked for by defendant's petition under section 2255, Title 28 U.S.C., the order dismissing said petition is

Affirmed.