**Walter PEARSON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 13640.

United States Court of Appeals Seventh Circuit.

June 25, 1962.

Walter Pearson, pro se.

Alfred W. Moellering, U. S. Atty., Hammond, Ind., Robert Maysack, Atty., U. S. Dept. of Justice, Washington, D. C., for appellee.

Before HASTINGS, Chief Judge, and CASTLE and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

This is an appeal by petitioner Walter Pearson from an order of the district court denying petitioner's motion to vacate sentence pursuant to Title 28 U.S. C.A. § 2255.[1]

1. 28 U.S.C.A. § 2255 provides in pertinent part:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in ex-

Petitioner appears in this appeal *pro se*. He did not request appointment of appellate counsel or that he be permitted to present his own oral argument. Petitioner not being present at the time this case was assigned for oral argument, the Government waived argument and this appeal was ordered taken on the record and briefs filed by both parties, without oral argument.

■ As grounds for vacation of sentence, petitioner alleged that the evidence was insufficient to support his conviction; that evidence was improperly received as the result of an illegal arrest, search and seizure; and that the trial court erred in permitting a long and critical examination of petitioner (defendant).

The critical issue for determination on this appeal is whether the above matters are cognizable on collateral attack under a motion filed pursuant to 28 U.S.C.A. § 2255. We think not.

These issues should have been raised at trial and on direct appeal from his conviction.

The record before us discloses that after waiver of indictment petitioner was charged in a two-count information in the district court with the purchase on December 4, 1957, of 69 grains of heroin, not in or from the original stamped package, in violation of 26 U.S.C.A. § 4704(a) and with receipt of such heroin after its unlawful importation in violation of 21 U.S.C.A. § 174.

Petitioner filed a motion to dismiss the two counts in the information, alleging unlawful arrest and an illegal search and seizure of the narcotics. He signed a waiver of jury trial and was represented by counsel throughout all proceedings had in the district court.

At the trial on June 19, 1958, the court denied the motion to dismiss and to suppress the evidence. Petitioner was found guilty on both counts. On July 8, 1958, the trial court imposed concurrent sentences of imprisonment for 10 years on Count 1 and 20 years on Count 2, and a fine of $5,000 on each count for a total of $10,000.

On July 14, 1958, petitioner filed a motion for a new trial alleging in substance the same grounds set out in the instant § 2255 motion. On July 29, 1958, petitioner filed a written motion requesting leave to withdraw his motion for a new trial. On July 30, 1958, the trial court granted the motion to withdraw the motion for a new trial.

On July 17, 1958, petitioner filed a timely notice of appeal from his conviction. On petitioner's motion, this court extended time for filing record and brief on appeal to and including October 13, 1958. On October 11, 1958, the record on appeal was sent to this court.

On October 16, 1958, this court granted petitioner's written motion to docket and *dismiss* his appeal and the appeal was dismissed.

Now, more than three years later, petitioner has filed his instant § 2255 petition.

It is well settled "that questions as to the sufficiency of the evidence must be raised by appeal from the judgment of conviction and not by a petition under section 2255." United States v. Washington, 7 Cir., 287 F.2d 819, 821 (1961), cert. denied, 366 U.S. 969, 81 S.Ct. 1933, 6 L.Ed.2d 259; Banks v. United States, 7 Cir., 287 F.2d 374, 375 (1961), cert.

---

cess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

\*　　\*　　\*　　\*　　\*

"If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

**36**

denied, 366 U.S. 939, 81 S.Ct. 1668, 6 L.Ed.2d 850; United States v. Schultz, 7 Cir., 286 F.2d 753, 754–755 (1961); Bocock v. United States, 7 Cir., 226 F.2d 720 (1955), cert. denied, 350 U.S. 999, 76 S.Ct. 552, 100 L.Ed. 863.

 As these cases aptly point out, § 2255 does not provide a method to try over again cases in which defendants have been adjudged guilty of crime, and such a collateral proceeding cannot be utilized in lieu of an appeal.

Petitioner may not raise the question of illegal arrest in a § 2255 proceeding. United States v. Shields, 6 Cir., 291 F.2d 798, 799 (1961), cert. denied, 368 U.S. 933, 82 S.Ct. 371, 7 L.Ed.2d 196; Plummer v. United States, 104 U.S.App.D.C. 211, 260 F.2d 729, 730 (1958); Jones v. United States, 103 U.S.App.D.C. 326, 258 F.2d 420, 422 (1958), cert. denied, 357 U.S. 932, 78 S.Ct. 1377, 2 L.Ed.2d 1374.

Claims that evidence obtained by illegal search and seizure was improperly introduced at the trial do not present a cognizable issue in a § 2255 proceeding. Jones v. United States, supra at 422 of 258 F.2d; Plummer v. United States, supra at 730 of 260 F.2d; United States v. Scales, 7 Cir., 249 F.2d 368, 370 (1957), cert. denied, 356 U.S. 945, 78 S.Ct. 792, 2 L.Ed.2d 820; Davis v. United States, 7 Cir., 214 F.2d 594, 596, cert. denied, 353 U.S. 960, 77 S.Ct. 870, 1 L.Ed.2d 911. See Gaitan v. United States, 10 Cir., 295 F.2d 277 (1961), cert. denied, 369 U.S. 857, 82 S.Ct. 939, 8 L.Ed.2d 15.

The claim of trial error arising from alleged prejudicial examination of petitioner lies in the same category of questions that must be raised by direct appeal and not by motion to vacate sentence. Banks v. United States, supra at 375 of 287 F.2d, and cases cited therein; United States v. Schultz, supra at 755 of 286 F.2d.

It clearly appearing from the record that petitioner abandoned his direct appeal from his conviction, under the foregoing authorities the district court did not err in denying petitioner's motion to vacate sentence pursuant to 28 U.S.C.A. § 2255.

The order of the district court appealed from is affirmed.

Affirmed.