William Lacy **THOMAS**, Petitioner-
Appellant,

v.

**UNITED STATES** of America,
Respondent-Appellee.

No. 13601.

United States Court of Appeals
Seventh Circuit.

Oct. 5, 1962.

B. Michael Pallasch, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., Robert N. Johnson, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

This is an appeal by petitioner William Lacy Thomas from an order of the district court denying petitioner's motion to vacate sentence pursuant to Title 28, U.S. C.A. § 2255.[1]

A grand jury indictment returned April 14, 1959 charged petitioner with violation of 21 U.S.C.A. § 174.[2] On May

1. 28 U.S.C.A. § 2255 provides in pertinent part:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. * * *

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that * * * there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside * * *."

2. 21 U.S.C.A. § 174 provides in pertinent part:

"Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States * * * or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the

14, 1959, petitioner was represented by counsel of his own choice who filed a timely motion with the trial court to suppress certain evidence on the grounds that petitioner had been illegally searched by federal agents and the evidence in question illegally seized from his person in violation of his constitutional rights. After a hearing, the trial court denied this motion. Petitioner waived his right to jury trial and pleaded not guilty to the charge. After a trial, the court found him "guilty as charged in the Indictment," and on June 25, 1959 petitioner was sentenced to imprisonment for a period of five years.

On September 14, 1961, petitioner filed his § 2255 motion. On November 21, 1961, the district court entered an order denying petitioner's motion without a hearing. This appeal is taken from such order.

Petitioner's motion was obviously drafted by a layman. Nevertheless, the only ground upon which he relies for vacation of his sentence is readily ascertainable from the conclusion in the motion wherein it is stated:

"Therefore, it is the conclusion of the petitioner that the search and seizure, and illegal arrest, the contraband obtained thereby, was improper evidence under the recent decision of the Supreme Court of the United States, therefore Judgment and Commitment is Void, for want of jurisdiction to render it.

"It is the further conclusion of the petitioner, that with the elimination of the introduction of the contraband in question the government has not yet established the Corpus Delicti, of the crime nor that a crime was committed and therefore petitioner's Motion for Suppression under Rule 41 [18 U.S.C.A.], and defendant's Motion for Acquittal, at close of the entire cause, should have been sustained."

Petitioner is clearly attempting to assert that his judgment of conviction rests on evidence obtained as a result of an illegal search and seizure and should therefore be vacated.

█ In prior decisions, this court has held claims such as petitioner's not cognizable under 28 U.S.C.A. § 2255. Pearson v. United States, 7 Cir., 305 F.2d 34 (1962); United States v. Scales, 7 Cir., 249 F.2d 368 (1957). Petitioner urges us to reexamine our position as stated in these cases. We feel it unnecessary to do so. We are in complete agreement with the proposition that a judgment of conviction is not subject to collateral attack under 28 U.S.C.A. § 2255 on the ground that such conviction rests on illegally obtained evidence.[3] The district court was correct in so holding.

Petitioner claims that the court below erred in failing to appoint counsel to assist him in presenting his § 2255 motion to the district court.

The record reveals that petitioner's motion for appointment of counsel, while sworn to by him on October 2, 1961, was not filed in the district court until April 30, 1962, which was after the court's denial of his § 2255 motion. There is nothing in the record to indicate when the motion for appointment of counsel was mailed by petitioner or received by the court. Under such circumstances we must presume that petitioner's motion for the appointment of counsel was filed promptly after having been received by the district court.

same to have been imported or brought into the United States contrary to law * * * shall be imprisoned not less than five or more than twenty years. * * *."

3. Pearson v. United States, 7 Cir., 305 F.2d 34 (1962); United States v. Scales, 7 Cir., 249 F.2d 368 (1957), cert. denied, 356 U.S. 945, 78 S.Ct. 792, 2 L.Ed.2d 820; Davis v. United States, 7 Cir., 214 F.2d 594 (1954), cert. denied, 353 U.S. 960, 77 S.Ct. 870, 1 L.Ed.2d 911; United States v. Haywood, 7 Cir., 208 F.2d 156 (1953); United States v. Walker, 2 Cir., 197 F.2d 287 (1952), cert. denied, 344 U.S. 877, 73 S.Ct. 172, 97 L.Ed. 679; Barber v. United States, 10 Cir., 197 F.2d 815 (1952), cert. denied, 344 U.S. 857, 73 S.Ct. 94, 97 L.Ed. 665.

■ In any event, failure of the district court to appoint counsel to assist petitioner in the presentation of his § 2255 motion, under the circumstances of this case, was neither prejudicial to petitioner nor an abuse of discretion by the district court.

■ The § 2255 motion failed to state grounds upon which petitioner's sentence could have been vacated. It is clear from this motion that petitioner was entitled to no relief. In such instance, the district court was not required to hold a hearing and may, in its discretion, as was done here, enter an order denying the requested relief.

This appeal was prosecuted *in forma pauperis*. Petitioner was ably represented in this appeal by court-appointed counsel, Mr. B. Michael Pallasch, a member of the Illinois Bar. We commend him for this unselfish and dedicated service.

Finding no error in the action of the district court, the order appealed from is affirmed.

Affirmed.