Willie SINKS, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 13906.

United States Court of Appeals
Seventh Circuit.

May 9, 1963.

Richard J. Flynn, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., William O. Bittman, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

KILEY, Circuit Judge.

Sinks' motion under 28 U.S.C. § 2255 to vacate a judgment and sentence was denied, without a hearing, by order of the District Court. He has appealed in forma pauperis.

Sinks was convicted by a jury in 1958 for violation of the narcotics law, 21 U.S.C. § 174, and because of an earlier similar conviction was sentenced as a second offender to a term of ten years. He did not appeal from the judgment.

After the time for appeal had passed, Sinks was denied a hearing upon his first motion under § 2255. On appeal, that order was vacated by this court, Sinks v. United States, 297 F.2d 490 (7th Cir., 1961), because the record did not show the filing of Sinks' motion. The cause was remanded to permit him to file a § 2255 motion, as if presented for the first time.

On remand the order was vacated and the proceeding at bar was begun. The District Court appointed counsel. The ground of petitioner's motion is that the conviction at the 1958 trial was obtained through the use against him of heroin seized in violation of his constitutional rights; and that since the heroin was "causally" connected with his conviction, the District Court was "ousted" of jurisdiction to convict him. The order subject of this appeal followed, denying the hearing sought.

■ The question is whether the motion, files and records conclusively show that the prisoner is not entitled to relief. If so, he was not entitled to a hearing. 28 U.S.C. § 2255.

The motion, files and records show that petitioner was arrested in his home, was taken before a United States Commissioner and later indicted, and convicted for violating the narcotics laws; that he was tried before a jury and was represented by an attorney of his choice; that a motion to suppress evidence, heroin, seized in Sinks' home, was made at the trial; that a hearing was held on the question of legality of the seizure, at which government agents testified they had a warrant and Sinks presumably testified they told him that a warrant had been issued but they did not have it with them; that after the hearing, the District Court ruled the evidence admissible; and that no appeal was taken, but after the time for appeal had expired, Sinks discovered that the Commissioner's docket had an entry showing there was no warrant for his arrest.

We think this conclusively shows Sinks is not entitled to relief under 28 U.S.C. § 2255.

■ This court has consistently held that § 2255 is not available for a collateral attack on a sentence and judgment where the allegation is that illegally obtained evidence was admitted after a hearing upon a motion to suppress. The most recent decision was Thomas v. United States, 308 F.2d 369 (7th Cir., 1962), in which this court, through Chief Judge Hastings, refused, once again, to depart from that position.

■ Implicit in the Thomas decision is the notion that no constitutional question under § 2255 can be raised where there has been a hearing on motion to suppress and due process was not denied in ruling adversely to a petitioner. We have reviewed our previous decisions, as Sinks requested, in the light of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081 (1961), where the Supreme Court held that an Ohio court's admission of evidence illegally seized by state officers was a violation of the Fourth Amendment and the Court applied the absolute exclusionary rule of Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914).

The Mapp case does not affect Thomas, and the cases its decision rests upon. No case has been cited with facts similar to those before us, where the court has sustained the position asserted by Sinks.

■ Sinks begs the question in claiming a denial of his constitutional right by the admission of the heroin at his trial. There was a full, fair hearing at which the District Court had a substantial evidentiary basis for ruling adversely to Sinks, no appeal was taken, and the matter is final. There was no deprivation of Sinks' constitutional rights.

■ Any deficiency at the hearing through failure of Sinks' attorney, of his own choice, to produce the available Commissioner's record or other evidence to impeach the agents' testimony must be laid at Sinks' door. Except for the challenged ruling there is no claim that Sinks did not have a fair trial, Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787 (1958), cert. denied, 358

U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86, and, for the reasons given above, 28 U.S.C. § 2255 is not available to him. It follows that the District Court did not err in denying a hearing to Sinks.

The order denying the hearing is affirmed.

The court is pleased to commend Mr. Richard Flynn of the Chicago Bar for his able and persistent service rendered Sinks in this proceeding.