**Lee SHORTEN Petitioner-Appellant,**

**v.**

**T. W. MARKLEY, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent-Appellee.**

**Misc. No. 187.**

United States Court of Appeals Seventh Circuit.

April 8, 1964.

Lee Shorten, pro se.

Richard P. Stein, U. S. Atty., Indianapolis, Ind., for respondent.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

PER CURIAM.

On January 29, 1964, petitioner submitted to this Court a document entitled "Application for Writ of Habeas Corpus." In spite of the title to this paper, it is apparent that petitioner is attempting to appeal, in forma pauperis, from an order of the District Court filed November 8, 1963, denying an application for a writ of habeas corpus.

No formal notice of appeal was filed. On January 3, 1964, petitioner filed in

the District Court an application for leave to file an appeal in forma pauperis. Petitioner is an incarcerated layman. We shall construe his application for leave to appeal as a notice of appeal which was filed within sixty days of the District Court's decision from which this appeal is taken.

■ The United States Attorney, in answer to the petition filed herein, argues that alleged errors in the admission of illegally obtained evidence at the original trial, are not open to attack by habeas corpus. This court has so held as to proceedings under Section 2255. See Davis v. United States, 7 Cir., 214 F.2d 594; United States v. Scales, 7 Cir., 249 F.2d 368; Pearson v. United States, 7 Cir., 305 F.2d 34; Thomas v. United States, 7 Cir., 308 F.2d 369; Sinks v. United States, 7 Cir., 318 F.2d 436. We think the same rule should apply where we are considering a petition for a writ of habeas corpus.

However, this is one of those rare occasions when we think it proper to advise the petitioner, a layman, that there is no merit to his claim, and hence future petitions for habeas corpus based on the same ground would be unavailing. United States v. Haywood, 7 Cir., 208 F.2d 156.

■ On July 13, 1956, a search warrant was issued at Gary, Indiana, for the search of petitioner's residence for drugs concealed in violation of Title 21 U.S.C. § 174. This section was amended and the amendment became effective midnight July 18, 1956. The amendment merely increased the penalty provided for violation of the section. The search warrant was executed on July 19, 1956, and the evidence seized was used in the prosecution of petitioner.

Petitioner's argument is that the search warrant was authorized by Section 174 and that when that section was amended by increasing the penalty for a violation thereof, any search warrants which were issued but unexecuted pursuant to the "old" section were void, and hence the seizure in his home on July 19, 1956, after the "new" section became effective, was null and void and resulted in an unconstitutional search.

■ There is clearly no merit or validity to petitioner's argument. It would be an empty gesture to have the question briefed and orally argued. Under the circumstances we must regard the attempted appeal to be frivolous and the appeal should be and is hereby dismissed.