**Roy W. DE WELLES, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 15747.**

United States Court of Appeals Seventh Circuit.

Jan. 26, 1967.

Palmer K. Ward, Indianapolis, Ind., A. L. Wirin, Los Angeles, Cal., for appellant.

Richard P. Stein, U. S. Atty., David W. Mernitz, Atty., Indianapolis, Ind., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This is an appeal from the denial of a petition to vacate sentence filed by Roy W. De Welles under 28 U.S.C. § 2255. The district court dismissed the petition without a hearing on the ground that "the files and records conclusively show that the petitioner is not entitled to re-

I. 18 U.S.C. § 1341.

lief." The issues raised are whether the petitioner's claims of illegal search and seizure and denial of the effective assistance of counsel are cognizable in this proceeding.

*Search and Seizure*

The petitioner was convicted of mail fraud [1] in December 1963 and sentenced to imprisonment for ten years. The conviction was affirmed by this court.[2] During his trial the petitioner moved to suppress certain evidence seized by local law enforcement officers at the time of his arrest on the ground that his arrest was illegal. The court conducted a hearing on the motion, but overruled it and admitted the evidence. The issue was thereafter raised on appeal, where we sustained the trial court's action and held the petitioner's arrest and the subsequent search lawful. The petitioner has since abandoned his attack on the legality of his arrest. In his present petition he contends that the warrantless search occurred after he had been taken into custody and removed from the premises and therefore cannot be considered a lawful search incident to the arrest.

We have consistently held that a claim of illegal search and seizure may not be raised collaterally under 28 U.S.C. § 2255, regardless of whether or not a similar claim was considered at the trial. Kapsalis v. United States, 345 F.2d 392 (7th Cir.), cert. denied, 382 U.S. 946, 86 S.Ct. 406, 15 L.Ed.2d 354 (1965); Sinks v. United States, 318 F.2d 436 (7th Cir.), cert. denied, 375 U.S. 946, 84 S.Ct. 355, 11 L.Ed.2d 279 (1963); Thomas v. United States, 308 F.2d 369 (7th Cir. 1962); Pearson v. United States, 305 F.2d 34 (7th Cir. 1962); United States v. Scales, 249 F.2d 368 (7th Cir. 1957), cert. denied, 356 U.S. 945, 78 S.Ct. 792, 2 L.Ed.2d 820 (1958); Davis v. United States, 214 F.2d 594 (7th Cir. 1954); United States v. Haywood, 208 F.2d 156 (7th Cir. 1953).

2. United States v. De Welles, 345 F.2d 387 (7th Cir.), cert. denied, 382 U.S. 833, 86 S.Ct. 76, 15 L.Ed.2d 77 (1965).

The petitioner urges us to reexamine these decisions in the light of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963), and other recent opinions of the Supreme Court. The District of Columbia Circuit was asked to make a similar reconsideration in Thornton v. United States, 368 F.2d 822 (D.C.Cir. 1966). The court there held that only "exceptional circumstances" could warrant the cognizance of a claim of unconstitutional search and seizure in a section 2255 proceeding. While we do not wish to foreclose the possibility suggested by the District of Columbia Circuit, we are not persuaded that the petitioner's claim of an illegal search and seizure presents any such exceptional circumstances as to make inapplicable our previous decisions.

The petitioner says that the question of search and seizure in this proceeding presents exceptional circumstances because it is grounded upon a different factual showing than the question considered at his trial and because it is coupled with a claim of denial of the effective assistance of counsel. But the petitioner does not challenge the adequacy of the hearing on the motion to suppress held at the trial, and he does not suggest that his representation by counsel was constitutionally deficient in that respect. Cf., Sinks v. United States, supra. What the petitioner is really requesting is another hearing on his motion to suppress with a different legal emphasis. We think one adequate hearing is enough. On this point we agree with the following observation in *Thornton*:

[W]here effective procedures are available in the direct proceeding [to correct trial errors, even as to constitutional claims], there is no imperative to provide an additional, collateral review, leaving no stone unturned, when exploration of all avenues of justice at the behest of individual petitioners may impair judicial administration of the federal courts, as by making criminal litigation interminable, and diverting resources of the federal judiciary. Thornton v. United States, 368 F.2d at 826.

*Effective Assistance of Counsel*

On this point, the petitioner also attempts to relitigate, in different legal garb, an issue presented at trial and on direct appeal. On direct appeal he claimed that substituted counsel was not permitted sufficient time for the preparation of a defense although a timely request for a continuance of the trial date was made. We held that an examination of the record did not show that the district judge abused his discretion in denying the request. We recited the following facts leading up to the motion for a continuance:

[The defendant] appeared on April 25, 1963 with his own counsel, who obtained a continuance. On June 14, 1963, after the court had overruled a motion to dismiss the indictment, defendant entered a plea of not guilty. In the interim, he had consulted with his own counsel only once, on June 5, 1963, and, after arraignment on June 14, 1963, the case was again called on August 29, 1963, when it was set for trial on September 30, 1963. On October 9, 1963, the case was reset for trial on December 9, 1963. Defendant having failed to respond to his attorney's written inquiries and requests for payment of all or part of his fee, the latter withdrew on November 19, 1963. On November 20, 1963, the United States attorney suggested to defendant by mail that he obtain other counsel. On November 25, 1963, defendant contacted attorney Palmer K. Ward, who represented him at the trial and before this court. Mr. Ward made a motion for continuance on December 4, 1963, which was overruled, and, on December 6, 1963, another motion to dismiss the indictment was filed and overruled. The trial commenced three days later * * *. United States v. De Welles, 345 F.2d 387, 389 (7th Cir.), cert. denied, 382 U.S. 833, 86 S.Ct. 76 (1965).

The petitioner now claims that he did respond to his former attorney's written

inquiry (although not until after the attorney, Mr. Richard M. Orr, had been allowed to withdraw). He also claims that a court order entered on September 26, 1963 for him to be examined by a doctor on October 3, 1963 with reference to a continuance did not reach him until after the date set for examination. Moreover, he claims that Mr. Orr did not furnish the petitioner a copy of his motion to withdraw; that he first learned of Mr. Orr's withdrawal when the court sent him a copy of its order of November 19, 1963. Finally, he claims that he was ill during the period just before the trial, which hampered his obtaining witnesses.

The motion to postpone the trial date filed on December 4, 1963 by the petitioner's substituted attorney, Mr. Ward, contained the allegation that the petitioner had not received the order for a physical examination until October 25, 1963. It also contained the claim that the petitioner had been seriously ill. In the present proceeding the petitioner does not explain why the other claims were not recited in the earlier motion for continuance. Nor does he assert that Mr. Ward, a prominent member of the Indianapolis Bar, was incompetent or mishandled the defense. Thus, in actuality, the petitioner is again complaining about the failure to grant him a continuance.[3] This issue, even though it is now given a new label—the denial of the effective assistance of counsel—and is supported by additional allegations of fact, was presented both at trial and on appeal. Relitigation of trial issues under different labels or on expanded allegations that could have been made in the first instance is not contemplated by section 2255.

The district court properly denied relief without affording the petitioner an evidentiary hearing. The order denying the motion to vacate sentence is affirmed.

3. In Arellanes v. United States, 326 F.2d 560 (9th Cir. 1964), relied on by the petitioner, the court reversed the summary dismissal of a section 2255 petition and ordered a hearing. There, however, the petitioner did not seek to relitigate the issue of a failure to grant a continuance, but alleged that because of fraudulent conduct by retained counsel, the petitioner was forced to go to trial without the benefit of counsel.