**Juan G. MORALES, Petitioner,**

v.

**Elmer O. CADY, Warden, Respondent.**
**No. 69-C-563.**

United States District Court,
E. D. Wisconsin.

Jan. 26, 1970.

Paul C. Konnor, Milwaukee, Wis., for petitioner.

Robert W. Warren, Atty. Gen., by William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Juan G. Morales, a prisoner at the Wisconsin state prison, has brought a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He alleges that evidence used against him at his trial was obtained by means of illegal search and seizure pursuant to a search warrant issued by a circuit judge; he charges that the warrant was issued without probable cause.

The petitioner pursued an appeal in the state court, and his conviction was affirmed in Morales v. State, 44 Wis.2d 96, 170 N.W.2d 684 (1969).

■ Under the authority of Schmear v. Gagnon, 396 F.2d 786 (7th Cir. 1968), it would appear that the petitioner is entitled to a ruling upon the merits of his application for habeas corpus on the grounds of an allegedly illegal search. At least one other court has allowed this type of petition to be heard. United States ex rel. Boyance v. Myers, 372 F.2d 111 (3rd Cir. 1967).

The right to have such issue determined on its merits is somewhat confounded by the fact that a federal prisoner does not enjoy such right. In Shorten v. Markley, 330 F.2d 102 (7th Cir. 1964), it was held that alleged errors in the admission of illegally obtained evidence are not open to attack by habeas corpus; the petitioner in that case was a federal prisoner. The seventh circuit court of appeals has frequently held that a motion by a federal prisoner under 28 U.S.C. § 2255 may not be used collaterally to attack a sentence because of the alleged illegal seizure of evidence. Sinks v. United States, 318 F.2d 436 (7th Cir. 1963); Thomas v. United States, 308 F.2d 369 (7th Cir. 1962); Pearson v. United States, 305 F.2d 34 (7th Cir. 1962).

The foregoing rulings suggest that a state prisoner is entitled to a review on the merits of a claim that illegally obtained evidence was utilized in his trial, but such a claim by a federal prisoner may not be heard on either habeas corpus or a § 2255 motion. The result is all the more burdensome because in none of the cases cited above did the court actually distinguish between state and federal prisoners.

Since a state prisoner was allowed to pursue such claim in *Schmear*, I believe it is the better course here to consider Mr. Morales' claim on the merits.

The petitioner alleges that the search warrant was defective because the circuit judge issued the warrant on the testimony of an informer, Alvarez, and then revoked the warrant about four hours later and issued a second warrant based upon the additional testimony of a police detective. It is argued that because the informer was a drug user, his testimony was unreliable. This argument overlooks the judicial discretion reposed in the magistrate.

■ In Aguilar v. Texas, 378 U.S. 108, 111, 84 S.Ct. 1509, 1512, 12 L.Ed.2d 723 (1964), the court stated:

"Thus, when a search is based upon a magistrate's rather than a police officer's, determination of probable cause, the reviewing courts will accept evidence of a less 'judicially competent or persuasive character than would have justified an officer in acting on his own without a warrant,' * * * and will sustain the judicial determination so long as 'there was substantial basis for [the magistrate] to conclude that narcotics were probably present * * *.'"

In that case, the court held that an affidavit which stated that the affiant had "reliable information from a credible

person" was not sufficient basis for a search warrant. It is the magistrate, and not the witness, who must determine the credibility of the evidence.

In Morales v. State, 44 Wis.2d 96, 104, 170 N.W.2d 684, 688 (1969), the court stated:

"We think Detective Sandoval's testimony was superfluous since the testimony of Alvarez was sufficient to support a finding of probable cause. Thus there has been no miscarriage of justice."

 The issuing judge was entitled to believe that the informer, Alvarez, was a credible witness, and thus his testimony was sufficient to establish probable cause; it follows that the search warrant was lawfully issued.

Therefore, it is hereby ordered that the petition for a writ of habeas corpus be and hereby is denied.