7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert L. GANT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1450.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 5, 1993.*
Decided Oct. 7, 1993.
Rehearing Denied Dec. 15, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In 1989, petitioner pleaded guilty to one count of conspiracy to distribute cocaine. 21 U.S.C. §§ 841(a)(1) and 846. Despite petitioner's classification as a career offender, the trial court departed downward from the Sentencing Guidelines, sentencing petitioner to 120 months in prison and three years of supervised release. On appeal, petitioner challenged his classification as a career offender and argued that his sentence should be reduced. His sentence was affirmed. United States v. Gant, 902 F.2d 570 (7th Cir.1990).
 
 
 2
 Petitioner filed a motion pursuant to 28 U.S.C. § 2255, alleging that his sentence had been improperly enhanced because he had not received proper notice. 21 U.S.C. § 851(a)(1). Petitioner claimed also that the trial court exceeded its authority in imposing a term of supervised release because defendants convicted of drug offenses committed before November 18, 1988 were eligible for parole. The district court denied petitioner's § 2255 motion. This court affirmed concluding that petitioner's sentence was well under the statutory maximum and was not enhanced under § 851(a)(1). Also, the supervised release term was imposed under 18 U.S.C. § 3583(a) and not under the amended version of 21 U.S.C. § 846. Gant v. United States, No. 91-2754 (7th Cir. September 22, 1992).
 
 
 3
 Petitioner then filed a motion under Rule 60(b)(4) and (6) of the Federal Rules of Civil Procedure, alleging that the use of his prior convictions to determine his term of imprisonment pursuant to 21 U.S.C. § 851(a)(1) and the imposition of supervised release under 21 U.S.C. § 846 violated the ex post facto clause of the U.S. Constitution. Art. I, § 9, cl. 3. The district court held that petitioner's motion was untimely and dismissed it. Petitioner appeals that decision.
 
 
 4
 Although petitioner framed his motion as one under Rule 60(b), the government argues that it should be treated as a § 2255 motion. Under section 2255, a prisoner in custody may move the trial court to vacate or correct the sentence if it was imposed in violation of the federal constitution. 28 U.S.C. § 2255. Because petitioner attacks his sentence, we agree that his motion is more appropriately classified as a § 2255 action. United States v. Spadafora, 207 F.2d 291 (7th Cir.1953); Cf. United States v. Balistrieri, 606 F.2d 216, 219 n. 4 (7th Cir.1979).
 
 
 5
 A successive § 2255 motion that raises new and different grounds may be dismissed if the movant's failure to assert those grounds in a prior motion constitutes an abuse of procedure. Rule 9(b) of the Rules Governing Proceedings in the United States District Courts under Section 2255 of Title 28, United States Code. Moreover, this court has held that constitutional issues that were not raised on direct appeal may not be addressed in any § 2255 motion unless the petitioner establishes cause for failure to raise the issue earlier and actual prejudice. Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992). Petitioner has shown neither cause nor prejudice.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record