William BANKS, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 13196.

United States Court of Appeals Seventh Circuit.

Feb. 27, 1961.

William Banks, pro se.

Don A. Tabbert, U. S. Atty., Philip R. Melangton, Jr., Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before HASTINGS, Chief Judge, CASTLE, Circuit Judge, and GRUBB, District Judge.

HASTINGS, Chief Judge.

This appeal was taken from an order of the district court dismissing petitioner-appellant William Banks' Motion For Correction of Sentence filed pursuant to Section 2255 of Title 28, U.S.C.A.

On September 12, 1952, an indictment was filed in the United States District Court for the Southern District of Indiana charging petitioner with robbery of the clerk in charge of a post office contract station and with placing the life of said clerk in jeopardy by use of a dangerous weapon. Title 18, U.S.C.A. § 2114. After a plea of not guilty, trial was held; and on June 8, 1953, the jury found petitioner guilty as charged in the indictment. On the same date the court sentenced petitioner to imprisonment for a term of twenty-five years.

On July 7, 1953, petitioner filed a notice of appeal. That appeal was resisted by the United States as being untimely. This court on July 29, 1953, ordered that, because of extenuating circumstances, the notice of appeal be treated as having been filed on June 9, 1953. After receiving extensions of time for filing his brief, petitioner requested his appeal (No. 10939) be dismissed; and the dismissal was ordered on December 3, 1953.

On November 22, 1954, petitioner filed with the United States District Court for the Southern District of Indiana his first motion to vacate sentence and judgment under Section 2255. On December 20, 1954, at petitioner's request, the district court withdrew the motion.

On or about January 23, 1955, petitioner filed a petition with this court to reinstate his former appeal. This was denied on January 31, 1955, for the reason that he had previously requested his appeal be dismissed. On February 29, 1956, petitioner again filed a motion with the district court under 28 U.S.C.A. § 2255. The motion was denied and petitioner appealed (No. 11787). This court affirmed, and rehearing was denied. Banks' petition for certiorari was denied. Banks v. United States, D.C.S.D.Ind. 1956, 140 F.Supp. 837, affirmed 7 Cir., 1957, 239 F.2d 409, certiorari denied 353 U.S. 960, 77 S.Ct. 868, 1 L.Ed.2d 911.

On August 3, 1960, Banks filed his third motion for correction of sentence under 28 U.S.C.A. § 2255. The United States moved to dismiss. The district court sustained the motion to dismiss for the reason that the errors relied on could only be reviewed on appeal from the original judgment. From this order of dismissal petitioner has appealed.

The essence of petitioner's argument is that the jury was erroneously instructed on the elements of aggravated robbery under 18 U.S.C.A. § 2114 because the instructions failed to define the word "jeopardy."

Petitioner further complains that the court failed to submit a special interrogatory to the jury to determine whether petitioner had held the mail clerk in danger of harm from the use of a dangerous weapon. (Petitioner, however, did not request such an interrogatory.) He asserts that the guilty verdict of the jury could only be for unaggravated robbery. Finally, to place his conclusions within the framework of Section 2255, petitioner argues that the district court had the *power* to impose only a ten year sentence for unaggravated robbery, not the twenty-five year sentence that was in fact imposed.

An attack on allegedly defective instructions is properly raised on appeal and not by a motion under Section 2255. United States v. Stevens, 3 Cir., 1958, 260 F.2d 549; Banks v. United States, 9 Cir., 1958, 258 F.2d 318, certiorari denied 358 U.S. 886, 79 S.Ct. 128, 3 L.Ed.2d 114. A collateral proceeding under Section 2255 cannot be utilized in lieu of an appeal and "does not give persons adjudged guilty of a crime the right to have a retrial on the question of the sufficiency of the evidence or errors of law which should have been raised in a timely appeal." United States v. Jakalski, 7 Cir., 1956, 237 F.2d 503, 505. See, in addition, United States v. Scales, 7 Cir., 1957, 249 F.2d 368, 370; Bocock v. United States, 7 Cir., 1955, 226 F.2d 720; Davis v. United States, 7 Cir., 1954, 214 F.2d 594, 596; United States v. Haywood, 7 Cir., 1953, 208 F.2d 156, 158.

Petitioner was granted leave in 1953 to file his appeal out of time, but at his request the appeal was dismissed. He cannot now assert such errors in the instant proceeding. The district court properly dismissed petitioner's motion.

The order appealed from is

Affirmed.