George **PETERS**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 17255.

United States Court of Appeals
Eighth Circuit.

Jan. 29, 1963.

George Peters, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., filed no response.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

By motion under 28 U.S.C.A. § 2255, appellant sought to have the sentence against him vacated on the grounds (1) that his conviction rested on illegal search and seizure, and (2) that his plea of guilty was induced by representation of his counsel that the United States Attorney's office "had assured" that he would not receive a sentence of more than three years.

Appellant, represented by employed counsel, had pleaded guilty to two counts in an indictment charging (a) the transporting in interstate commerce of a check protector for use in falsely making securities, in violation of 18 U.S.C. § 2314, and (b) the engaging in a conspiracy in relation thereto, in violation of 18 U.S.C. § 371. The court imposed a maximum sentence of six years on the substantive charge, subject to an application of the indeterminate provisions of 18 U.S.C. § 4208(a) (2), and suspended the imposition of sentence on the conspiracy charge. A number of other counts contained in the indictment were thereupon dismissed as against appellant.

The court made denial of appellant's present motion to vacate on the basis of the provision in § 2255 that "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner". Appellant had filed a previous motion seeking relief on the same grounds, which the court had considered and denied, and which appellant had not undertaken to make the subject of an appeal.

The appeal here involved is frivolous, on the basis of its constituting an attempt to have the court entertain a second time the questions urged in appellant's previous motion, and also as a matter of those questions having been properly disposed of on the previous motion.

As the court held on the previous motion, appellant's conviction did not rest on any use of evidence from search and seizure but on the legal significance alone of his plea of guilty. Moreover, even if the conviction had been the product

of a formal trial in which evidence derived from illegal search and seizure had been used to convict, any legal wrong involved in the admission of such evidence would, where, as here, the circumstances of the search and seizure were known to appellant at the time, have had to seek its correction through procedure other than a motion under § 2255. The procedure provided for protection against the effects of an illegal search and seizure is, in the first instance, the processes afforded by Rule 41 of the Rules of Criminal Procedure, 18 U.S.C.A., and beyond this, where the court has improperly failed to give this protection on a trial, the taking of an appeal from the judgment of conviction for correction of the court's error. A motion under § 2255 cannot be made the substitute for an appeal.

Further, as the court held on the previous motion, the record of the conviction and sentencing proceedings left no room for appellant to try to claim that in the events which occurred before the court he was controlled by inducement and reliance as to what the length of his sentence would be. His conduct, manner of participation and expression conclusively indicated that no possibility of any such external control was present in what he did.

When appellant appeared with his employed counsel and requested leave to withdraw his plea of not guilty and change it to a plea of guilty, he was directly interrogated and made express answer that his reason for desiring to change his plea was that he was guilty of the offenses charged; that no promises of any reward or of any favor had been made to him in the matter; that he knew that the maximum sentence on the substantive charge was ten years, and on the conspiracy charge was five years; and that he understood that the length of the sentences which might be imposed was a matter for the court's discretion. The court took pains to assure itself that appellant had fully discussed the situation with his attorney, and it called his attention a second time to the maximum penalty for which the statute provided. It further declared that it wanted the benefit of a presentence report before it determined what the sentences should be.

At the time of sentencing, appellant's counsel made a plea for leniency, but the court called attention to appellant's previous criminal record and to the fact that the crimes involved had been committed while he was on parole. Appellant was specifically addressed and given the opportunity "to make any statement in your own behalf, or to present any information in mitigation of the punishment that might be assessed". He replied that there was nothing that he wished to say. The court also engaged in colloquy with him regarding the problem which he faced that "some time during your life you are going to have to make up your own mind that you are going to change your anti-social thinking and try to fit in the pattern of society and working for a living and only taking the fruits of your own labor". When sentence had been pronounced, appellant voiced the hope that he could receive some psychiatric help during his incarceration which would enable him to overcome his previous criminal impulses.

Appellant was not an awed initial offender. He was at home in the courtroom, as his history and the expressions and colloquy in which he engaged clearly show. The opportunities afforded him to speak, and what he said, as well as his indicated understanding of all that was occurring, leave no room for him now to assert that he was silently controlled at the time by inducement and reliance. The court was entitled to say, as it did, that, in addition to its having been fully satisfied at the time that the plea was being entered voluntarily and understandingly, the record of the proceedings conclusively demonstrated that the plea of guilty was made "without the presence of controlling external circumstances".

For record purposes, the appeal pending from the filing of notice of appeal will be permitted to be docketed with-

out payment of fee; leave to proceed with the appeal further in forma pauperis will be denied; and the appeal will be dismissed as frivolous.

Appeal dismissed.