Virge **BOLDEN**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

No. 14002.

United States Court of Appeals
Seventh Circuit.

July 17, 1963.

Robert A. Holstein, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Virge Bolden, petitioner, has appealed from an order of the district court denying his "petition for a writ of habeas corpus under the provisions of § 2255, Title 28 U.S.C."

While rather inartfully drawn, we will consider a motion filed in the district court by petitioner on December 29, 1961, as an effort to present his case under § 2255. From another source, viz., an original record on appeal filed in this court December 6, 1962, by petitioner, it appears that he was, on December 20, 1960, convicted of violating § 4705(a), Internal Revenue Code of 1954 and § 174, Title 21, United States Code, as amended by the Narcotic Control Act of 1956, and was sentenced to imprisonment for a term of ten years.[1]

In the instant appeal, petitioner complained in the District Court, in substance as stated in the government's brief:

"* * * that his counsel allegedly failed to investigate the complaint, failed to investigate the indictment, failed to file a Bill of Particulars, failed to make the government prove venue in Counts 3 and 4, failed to inform the defendant of the accusations against him, failed to subpoena records to establish an alibi, failed to make proper arguments to the court, failed to properly prosecute defendant's appeal, and failed to request special findings of fact under Rule 23 of the Federal Rules of Criminal Procedure. Lastly, he complained that his trial

---

1. An appeal to this court from that conviction was docketed as No. 13305 and on April 15, 1961, petitioner asked for a reduction in his appeal bond from $50,000 to $25,000, alleging that his purpose was to obtain a qualified lawyer to prepare his appeal and safeguard his business affairs and property. He stated that he was "in a financial position to subscribe himself in Bond in the amount of $25,000.00, and that the same amount constitutes the total of his wealth, and/or the means of obtaining any amount in excess thereof."

On July 10, 1961, this court dismissed petitioner's appeal for want of prosecution.

counsel failed to perfect the appeal, resulting in its dismissal."

1. In this court the government argues that defendant, in the present proceeding under § 2255, is attempting to secure a direct review of his trial in the district court and that § 2255 is not a substitute for a direct appeal, nor may such a motion be used to collaterally attack a criminal judgment for insufficiency of evidence or trial errors of law.

The government's position is correct. It is supported by many decisions. Among them is United States v. Jonikas, 7 Cir., 197 F.2d 675 (1952), where we said, at 676:

"The purpose of the proceeding provided for by 28 U.S.C.A. § 2255 is to give the prisoner a method for a direct attack on his sentence in the court in which he was tried and sentenced; but to attack the sentence successfully in such a proceeding the prisoner must have grounds which would support a collateral attack on the sentence. Mere errors of law occurring in the trial which could be corrected by an appeal, cannot serve as grounds for an attack on the sentence under § 2255."

Among the many other decisions to the same effect is United States v. Schultz, 7 Cir., 286 F.2d 753 (1961), where, at 755, we said:

" * * * Of course, it is well settled that questions as to the sufficiency of the evidence or involving errors of law or fact at the trial, must be raised by appeal from the judgment of conviction and not by a petition under section 2255. * *"

2. As to petitioner's broadside charge against his trial attorney, the government also takes the position that the record before the court shows that petitioner was effectively represented by counsel of his own choice.

While petitioner's indictment of his trial counsel is serious and detailed, the charges consist entirely of his conclusions as to the alleged ineffectiveness of his attorney.

An examination of the transcript of the proceedings at petitioner's trial, which occurred during three days, reveals that he received competent, as well as an energetic, defense at the hands of an experienced lawyer. He points out nothing in a trial transcript, which consists of 325 pages of proceedings, to indicate otherwise.

In this court petitioner was represented by attorney Robert A. Holstein, of the Illinois bar, whom we appointed. We express to Mr. Holstein our appreciation for the thorough examination of the voluminous proceedings involved herein and his diligent effort on behalf of petitioner.

For these reasons the order of the district court is affirmed.

Order affirmed.