Cyrus Chester RUSH, Jr.

v.

UNITED STATES of America.

Misc. No. 1124.

United States District Court
E. D. Louisiana,
New Orleans Division.

Jan. 10, 1964.

---◆---

Cyrus Chester Rush, Jr., in pro. per.
No appearance for the United States.

FRANK B. ELLIS, District Judge.

Petitioner was convicted by a jury on August 25, 1960, of violating Sections 4704(a) and 4705(a), Title 26 and Section 174, Title 21 and Section 371, Title 18, of the United States Code, to-wit: conspiracy to sell heroin and selling heroin to a party without an order from the Secretary of the Treasury. The record

indicates that although the Court ordered counsel appointed for petitioner, he ultimately was represented by counsel of his own choice. Petitioner did not seek a new trial nor did he appeal his conviction.

He was sentenced to eleven years in a federal penitentiary on September 7, 1960. On January 17, 1961, petitioner moved to set aside the judgment and the motion was denied by the trial judge the same day.

This is petitioner's second petition for a 28 U.S.C.A. § 2255 hearing. In the first petition the prisoner asserted three challenges to the validity of his sentence, i. e. (1) that the government informers who testified at the trial had a prior criminal record and hence were incompetent witnesses; (2) that a co-defendant made a statement protesting petitioner's innocence during the sentencing of the co-defendant after a guilty plea; and (3) that statements of the government witnesses were not produced under the rule of Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, and 18 U.S.C.A. § 3500.

The petition was decided adverse to the prisoner's interests, United States v. Rush, E.D.La. 1963, 215 F.Supp. 882.

In the instant petition the prisoner now makes a "collateral attack on indictment, judgment and commitment * * " in that he was sentenced as a second offender for narcotics violations of his constitutional rights. He moves the court to take appropriate action to produce him before the Court so that he may be present at the hearing.

■■ The Court will respectfully decline the prisoner's request that he be present for a hearing in the matter. "It [is not] automatically necessary to produce the petitioner at the hearing to enable him to testify. Not every colorable allegation entitles a federal prisoner to a trip to the sentencing court. Congress, recognizing the administrative burden involved in the transportation of prisoners to and from a hearing in the sentencing court, provided in § 2255 that the application may be entertained and determined 'without requiring the production of the prisoner at the hearing.' This does not mean that a prisoner can be prevented from testifying in support of a substantial claim where his testimony would be material. However, we think it clear that the sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing." Sanders v. United States, 373 U.S. 1, 20–21, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148.

■ Petitioner's contention that he was sentenced as a second offender in violation of his constitutional rights is without merit. Prior to sentencing the United States Attorney filed an information against the prisoner asserting that on a previous occasion he had been convicted on a five-count indictment charging violations of Title 21, United States Code, Section 174 and Title 26, United States Code, Sections 2553(a), 2554(a), 2591(a) and 2593(a), which are now sections 4704(a), 4705(a), 4742(a) and 4744(a) respectively. He was sentenced to serve three years in the custody of the Attorney General.

On the date of sentencing the prisoner was asked by the Court whether or not he was the same person convicted in the Northern District of Illinois. His reply was in the affirmative, whereupon the Court sentenced the prisoner as a second offender.

Section 7237(c) (2) of Title 26 United States Code, provides an elaborate procedure, with the right to trial by jury, for defendants denying prior convictions. "If he denies the identity, sentence shall be postponed for such time as to permit a trial before a jury on the sole issue of the offender's identity with the person previously convicted." 26 U.S.C. § 7237 (c) (2).

On the date of sentencing neither the prisoner, nor his attorney desired to utilize this procedure, but, rather, the prisoner readily admitted that he was the Cyrus Rush previously convicted. The court finds that the prisoner had the opportunity in open court to affirm or deny

that he was identical with the person previously convicted, that he affirmed and the affirmance can in no way be construed as a deprivation of his constitutional rights. See United States v. Scales, 7 Cir., 249 F.2d 368.

The prisoner also contends that only the single penalty prescribed by the general conspiracy statute could have been imposed. The record reveals that the petitioner was found guilty by the jury on all counts, among which are four counts of conspiracy to violate the narcotics laws and four counts of substantive violations.

▇▇▇▇ "Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded." United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309. Tested by this standard, the sentence here questioned was sufficient to impose total imprisonment for eleven years on all counts, substantive and conspiratorial.

▇▇▇▇ Furthermore, "[i]t is settled law in this country that the commission of a substantive offense and a conspiracy to commit it are separate and distinct crimes," Pinkerton v. United States, 328 U.S. 640, 643, 66 S.Ct. 1180, 90 L.Ed. 1489; Pereira v. United States, 347 U.S. 1, 11, 74 S.Ct. 358, 364, 98 L.Ed. 435.

▇▇▇▇ Petitioner also attacks the instructions to the jury and sets forth alleged errors in the charge. An attack on allegedly defective instructions is properly raised on appeal and not by a motion under Section 2255. Banks v. United States, 7 Cir., 287 F.2d 374, cert. den. 366 U.S. 939, 81 S.Ct. 1668, 6 L.Ed. 2d 850, cert. den. 369 U.S. 804, 82 S.Ct. 645, 7 L.Ed.2d 551, rehearing den. 369 U.S. 832, 82 S.Ct. 847, 7 L.Ed.2d 797; United States v. Stevens, 3 Cir., 260 F.2d 549; Banks v. United States, 9 Cir., 258 F.2d 318, cert. den. 358 U.S. 886, 79 S. Ct. 128, 3 L.Ed.2d 114. Also see United States v. Sobell, 2 Cir., 314 F.2d 314; Olson v. United States, 4 Cir., 234 F.2d

956; Adams v. United States, 95 U.S. App.D.C. 354, 222 F.2d 45, and Lopez v. United States, 9 Cir., 217 F.2d 526.

▇▇▇▇ Section 2255 cannot be utilized in lieu of an appeal and does not give persons adjudged guilty of a crime the right to have a retrial on the question of the sufficiency of the evidence or errors of law which should have been raised in a timely appeal, United States v. Jakalski, 7 Cir., 237 F.2d 503. See, in addition, United States v. Scales, supra, Bocock v. United States, 7 Cir., 226 F.2d 720; Davis v. United States, 7 Cir., 214 F.2d 594, and, United States v. Haywood, 7 Cir., 208 F.2d 156.

The court must therefore deny the motion to vacate the sentence and exercise its sound discretion to deny a hearing on the grounds that a hearing could add nothing to petitioner's claim, and the petition, taken together with the record and files, conclusively shows that petitioner has no grounds for relief.

So ordered.