Audilio **CARRILLO**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

Nos. 7629, 7630.

United States Court of Appeals
Tenth Circuit.

May 21, 1964.

Robert R. Gallagher, Jr., Englewood, Colo., for appellant.

Lewis Campbell, Asst. U. S. Atty. (John Quinn, U. S. Atty., and John A. Bablington, Asst. U. S. Atty., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

PER CURIAM.

Appellant was tried, convicted and sentenced on two counts for violation of the narcotics statutes, one under 21 U.S. C.A. § 174 and the second under 26 U.S.C.A. § 4705(a). A direct appeal was not taken from the judgment of conviction, but Carrillo now attacks that judgment by a motion under 28 U.S. C.A. § 2255, which was denied by the trial court. By the motion, he seeks to collaterally raise the question of the sufficiency of the evidence to support his conviction and, also, points to other trial errors, such as the instructions given to the jury and rulings of the trial court as to the admissibility of certain evidence.

A motion under § 2255, like a petition for a writ of habeas corpus, may not be used as a substitute for appeal,[1] and may be used to collaterally attack a judgment of conviction only where the constitutional rights of the accused have been violated.[2] The sufficiency of the evidence to support a verdict of guilty cannot be raised by such a motion.[3] Trial errors, such as the erroneous admission of evidence[4] and the giving of improper instructions to the

1. Dodd v. United States, 9 Cir., 321 F.2d 240; Peters v. United States, 8 Cir., 312 F.2d 481; Bolden v. United States, 7 Cir., 320 F.2d 662.

2. Gaitan v. United States, 10 Cir., 317 F. 2d 494; Jude v. United States, 10 Cir., 262 F.2d 117, cert. denied, 359 U.S. 960, 79 S.Ct. 800, 3 L.Ed.2d 767; Pulliam v. United States, 10 Cir., 178 F.2d 777.

3. Tanner v. United States, 10 Cir., 296 F. 2d 218; Curry v. United States, 10 Cir., 292 F.2d 576; Pearson v. United States, 7 Cir., 305 F.2d 34.

4. Gaitan v. United States, supra; McLester v. United States, 10 Cir., 306 F. 2d 880.

jury,[5] must be raised on direct appeal and do not afford a basis for collateral attack.

At the original criminal trial Carrillo was represented by an attorney of his own choice as well as by an attorney appointed by the court. After an evidentiary hearing upon the § 2255 motion with appellant present and testifying, the court below specifically found: " * * * that Audilio Carrillo was aware of his right to appeal and had discussed the appeal of the conviction with his retained attorney, and the Court finds that Audilio Carrillo knowingly and intelligently waived his rights to appeal." The trial court then concluded that the other matters raised constituted a collateral attack upon the judgment and could not be properly raised by § 2255.

We believe the record sustains the above factual finding of the lower court and we agree that Carrillo's collateral attack upon the judgment of conviction is not proper under § 2255.

Affirmed.

5. Banks v. United States, 9 Cir., 258 F. 2d 318, cert. denied, 358 U.S. 886, 79 S.Ct. 128, 3 L.Ed.2d 114; Banks v. United States, 7 Cir., 287 F.2d 374, cert. denied, 366 U.S. 939, 81 S.Ct. 1668, 6 L.Ed.2d 850.