**Sam SMITH, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 14435.**

United States Court of Appeals Seventh Circuit.

Sept. 30, 1964.

Sam Smith, in pro. per.

Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., Lester R. Irvin, Asst. U. S. Atty., Hammond, Ind., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for respondent-appellee.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

PER CURIAM.

The petitioner-appellant, Sam Smith was charged by indictment in two counts with narcotics violations of Title 26 U.S.C. § 4704(a) and Title 21 U.S.C. § 174. After trial by jury, he was found guilty and sentenced to serve 10 years on Count I and 20 years on Count II, with fines of $500 on each count, the two sentences to run concurrently. Appellant filed a timely notice of appeal, but the appeal was dismissed on consent. He began serving his sentences in April, 1957.

In October 1963, appellant filed a motion to vacate his sentence pursuant to Title 28 U.S.C. § 2255 on the alleged grounds that he had been unlawfully entrapped, that the trial judge erred in instructing and selecting the jury, and that he was subjected to double jeopardy in that one transaction had given rise to a two-count indictment alleging two offenses. The District Court denied this motion and appellant's appeal followed.

The record clearly shows that appellant, evidently ready and willing to break the law, was merely afforded an opportunity to do so. Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L. Ed.2d 859 (1958); Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932).

A defect in the instructions to the jury is properly raised on direct appeal. Banks v. United States, 7 Cir., 1961, 287 F.2d 374, and cases cited there, cert. den. 366 U.S. 939, 81 S.Ct. 1668, 6 L.Ed.2d 850; 369 U.S. 804, 82 S.Ct. 645, 7 L.Ed.2d 551, rehrg. den. 369 U.S. 832, 82 S.Ct. 847, 7 L.Ed.2d 797. Nevertheless, we note that, contrary to appellant's assertion, the jury was in effect instructed concerning the elements of the offenses, when the statutes were read to them and the District Judge discussed the application of the rules of evidence to the charges made in the indictment.

Any objections appellant now raises to the selection of the jury panel were foreclosed by his acceptance of the jury at the trial.

**452**

■■ Where one transaction constitutes violation of two separate statutes, and proof of violation of each entails proof of a fact which the other does not, the defendant is not subjected to double jeopardy. Harris v. United States, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597 (1959) rehrg. den. 359 U.S. 976, 79 S.Ct. 873, 3 L.Ed.2d 843.

The order of the District Court is affirmed.

Affirmed.