**Jessup Lee MANLEY, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 22287.**

United States Court of Appeals Fifth Circuit.

Nov. 15, 1965.

---

* Of the Third Circuit, sitting by designation.

No appearance for appellant.

R. Macey Taylor, Asst. U. S. Atty., Birmingham, Ala., Macon L. Weaver, U. S. Atty., L. Wayne Collier, Asst. U. S. Atty., (on the brief), for appellee.

Before TUTTLE, Chief Judge, RIVES and GEWIN, Circuit Judges.

PER CURIAM.

This appeal from the denial of the appellant's Section 2255 motion challenges the finding of the trial court that appellant was denied the effective assignment of counsel on the criminal trial, which resulted in his conviction and sentence. It also alleges numerous errors concerning the conduct of the trial itself.

Of the errors alleged in the District Court and now raised here on appeal from denial of relief under Section 2255, only the contention that appellant was denied the effective assistance of counsel was open for consideration by the trial court. Section 2255 authorizes the trial court to "vacate, set aside or correct the sentence" if it is established that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Under this section errors that may be a ground for reversal upon direct appeal, may nevertheless not be available on a collateral attack such as is made under Section 2255.

Upon the hearing below, the trial court made an express finding as to the appointment of counsel, concluding that ample time was afforded for consideration by counsel of appellant's case before the case proceeded to trial. Furthermore, no attack is made on the proficiency or good faith of counsel and the record discloses that no request for continuance was made on appellant's behalf. The one ground available to appellant for collateral attack, having been resolved against him, the District Court, sitting in a post-conviction case, did not have jurisdiction over the remaining alleged errors. Appellant does not contend that he was not advised of his rights to appeal by his court-appointed counsel. To the contrary, the record discloses that after sentence the court advised appellant to consult with his counsel and advised him that he should prepare a notice of appeal if he desired to do so within five days. Cf. Boruff v. United States, 5 Cir. (1962) 310 F.2d 918.

The judgment is affirmed.