Lawrence C. POPE

v.

**UNITED STATES of America.**

**Civ. A. No. 67–17–W.**

United States District Court
W. D. Texas,
Waco Division.

Oct. 31, 1967.

William S. Sessions, Waco, appointed by the Court, for petitioner.

Ernest Morgan, U. S. Atty., Ralph Harris, III, Asst. U. S. Atty. San Antonio, Tex., for respondent.

216

## MEMORANDUM

ROBERTS, District Judge.

This is a motion pursuant to Section 2255 of Title 28, United States Code attacking a sentence imposed by Judge Ben H. Rice, Jr., in Waco Criminal Number 4900. Petitioner, LAWRENCE C. POPE, was convicted of bank robbery, 18 United States Code 2113(d), by a jury in March, 1961, and sentenced to imprisonment for twenty five (25) years. He entered a plea of "not guilty by reason of insanity", and was found guilty and appealed to the Court of Appeals for the Fifth Circuit on only one (1) point— the Court's denial of a requested instruction on insanity. The conviction was affirmed. Pope v. United States, 298 F. 2d 507 (5th Cir. 1962).

Petitioner's motion and amended motion raises twenty nine (29) specific points of error. These points are:

1. Denial of effective assistance of counsel by the low quality of counsel's representation and effectiveness;

2. Violation of Rule 43, Federal Rules of Criminal Procedure, by petitioner's absence at four (4) stages of the proceedings;

3. Government ' interference with efforts to gather information on which to base the 2255 motion;

4. Judge Rice too deaf to hear the courtroom proceedings and thus denial of due process;

5. Prejudicial error in attention of jury being called to pre-trial competency hearing;

6. Error for petitioner to be moved from San Antonio to Waco by Government prior to trial;

7. Error for trial court to require defendant's attorney to question lay witness about mental attitudes of defendant in terms of M'Naughten Rule;

8. Denial of defense by denial of Durham Rule questions by defense;

9. Government use of statement by defendant taken in absence of his attorney;

10. Use of statement over objection that it was taken by coercion and duress;

11. Government's use of perjured testimony against defendant;

12. Violation of right against self-incrimination by presence of United States Marshal during psychiatrists' examination;

13. Prejudicial error for Defense Counsel, Trial Court and United States Attorney not to call Dr. Davis, who would have testified for defendant's insanity;

14. Number 13 constitutes suppression of evidence by the Government;

15. Error for jury to know of defendant's prior crimes through the Government's evidence;

16. Error for United States Attorney to elicit opinions from lay witnesses as to defendant's sanity where witnesses had known defendant only a short time;

17. Abuse of Court's discretion to place all defense witnesses under "the Rule" at competency hearing while only two (2) Government witnesses were so placed;

18. Abuse of Trial Court's discretion in favoring Government in rulings and action on motions and objections.

19. Due process violated in Government's closing argument, making false remarks, and using misstated evidence and facts not in evidence;

20. Due process violated by Court giving incorrect charge on insanity;

21. Title 18, Section 2113 unconstitutional because without a basis today;

22. Title 18, Section 2113 unconstitutional because interference with police power of states and an unwarranted usurpation of authority of Congress;

23. Act unconstitutional because indictment did not allege defendant's moving across state line, crime by organized gangsters, or local police unable to cope with the problem;

24. Act unconstitutional because enacted by Congressmen, some of whom were officers in Armed Forces Reserves

and thus in violation of Article I, Section 6, Clause 2 of the Constitution;

25. Grand and petit juries selected in violation of law;

26. Prejudicial error to not list jurors on list of Criminal Number 4900 in same order as drawn from jury box as shown by the venire lists drawn for February, 1961;

27. Government's withholding evidence from defendant that jury was not selected in accordance with law;

28. Trial Court's lack of jurisdiction because jury picked in violation of law; and

29. Violation of Rule 32(c) (1), Federal Rules of Criminal Procedure by trial judge's seeing pre-sentence report before verdict.

The specific points are urged collectively under petitioner's one general question: "Whether the constitutional and procedural errors in petitioner's trial were so numerous and so prejudicial as to 'shock the conscience of the court and make the proceedings a farce and a mockery of justice' and hence deny petitioner due process of law."

Considering the twenty-nine specific questions collectively as parts of petitioner's one general question, the Court finds from the record as a matter of law, as a whole, that petitioner was afforded every legal right and due process to which he was entitled under the Constitution, and that petitioner was given a fair trial.

 Considering the twenty-nine specific questions separately, the Court holds that points 3, 4, 5, 6, 7, 8, 10, 12, 13, 14, 15, 16, 17, 18, 19, and 20 concern matters which cannot be raised by a collateral proceeding such as a Section 2255 motion. The Court of Appeals for the Fifth Circuit in the case of Manley v. United States, 352 F.2d 515 (5th Cir. 1965), stated the area which is cognizable in a collateral proceeding under Section 2255 of Title 28, United States Code.

"Section 2255 authorizes the trial court to 'vacate, set aside or correct the sentence' if it is established that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.' Under this section errors that may be a ground for reversal upon direct appeal, may nevertheless not be available on a collateral attack such as is made under Section 2255."

As a general rule only such basic errors as absence of jurisdiction and denial or infringement of constitutional rights can render the judgment subject to collateral attack. Haynes v. United States, 339 F. 2d 30 (5th Cir. 1964), cert. denied, 380 U.S. 924, 85 S.Ct. 926, 13 L.Ed.2d 809.

 Additionally, in regard to points 13 and 14, the question of whether or not to call Dr. Herman Davis was a decision of petitioner's attorneys and a matter of trial strategy, Williams v. Beto, 354 F.2d 698 (5th Cir. 1965); United States v. Garguilo, 324 F.2d 795 (2d Cir. 1963); O'Malley v. United States, 285 F.2d 733 (6th Cir. 1961), and the record reflects that such testimony was not in any way suppressed by the Government. Petitioner's attorneys knew what the testimony would be and had the power to subpoena Dr. Davis. Conduct of Government counsel at trial, and error in the Court's charge cannot be raised upon collateral attack as petitioner does in his points 19 and 20. Smith v. United States, 337 F.2d 450 (7th Cir. 1964); Desmond v. United States, 333 F.2d 378 (1st Cir. 1964), on remand, 345 F.2d 225, 14 A.L.R.3d 718; Holt v. United States, 303 F.2d 791 (8th Cir. 1962), cert. denied, 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132; Banks v. United States, 287 F.2d 374 (7th Cir. 1961), cert. denied, 366 U.S. 939, 81 S.Ct. 1668, 6 L.Ed.2d 850, cert. denied, 369 U.S. 804, 82 S.Ct. 645, 7 L.Ed.2d 551, rehearing denied, 369 U.S. 832, 82 S.Ct. 847, 7 L.Ed.2d 797; Rush v. United States, 225 F.Supp. 843 (E.D.La.1964).

■ In addition to points 7 and 8 being matters not cognizable under Section 2255, relief based on these points is denied because the Trial Court was correct in its refusal to submit tests of insanity other than the one approved by the Court of Appeals for the Fifth Circuit. The test submitted by the Trial Court was correct. Howard v. United States, 232 F.2d 274 (5th Cir. 1956); Birdsell v. United States, 346 F.2d 775 (5th Cir. 1965), cert. denied, 382 U.S. 963, 86 S.Ct. 449, 15 L.Ed.2d 366 (1965), rehearing denied, 383 U.S. 923, 86 S.Ct. 900, 15 L.Ed.2d 680 (1966), rehearing denied, 384 U.S. 914, 86 S.Ct. 1347, 16 L.Ed.2d 368 (1966); Hackworth v. United States, 380 F.2d 19 (5th Cir. July 5, 1967).

Erroneous admission of evidence as alleged in points 15 and 16 is not a basis for relief in a collateral attack. Kelly v. United States, 350 F.2d 398 (5th Cir. 1965); Kristiansand v. United States, 319 F.2d 416 (5th Cir. 1963); Rivera v. United States, 318 F.2d 606 (9th Cir. 1963); Gaitan v. United States, 317 F.2d 494 (10th Cir. 1963).

■ Relief based on points 1, 2, 9, 11, 21, 22, 23, and 24 is denied because the allegations there asserted are contrary to the applicable law. Petitioner was represented by two counsel of his own choosing. Petitioner's first contention, point 1, is that he was represented by ineffective counsel. This contention runs throughout the Section 2255 Motion, and is tied in closely with other alleged errors and prejudicial factors alleged in his trial and appeal. His main contentions are that his counsel failed to object properly to rulings in the proceedings which went against petitioner, that counsel failed to call witnesses and ask questions which would have helped petitioner, and that counsel appealed on only one point instead of many. The Court fails to find in the record any indication that "the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretence, or without adequate opportunity for conference and preparation." Williams v. Beto, 354 F.2d 698 (5th Cir. 1965); Pineda v. Bailey, 340 F.2d 162 (5th Cir. 1965); Scott v. United States, 334 F.2d 72 (6th Cir. 1964), cert. denied, 379 U.S. 842, 84 S.Ct. 81, 13 L.Ed. 2d 48. Where the attorney was employed, an attack grounded upon incompetence of counsel can only be sustained where the attorney's conduct amounts to a breach of a legal duty. Alexander v. United States, 290 F.2d 252 (5th Cir. 1961), cert. denied, 368 U.S. 891, 82 S.Ct. 144, 7 L.Ed. 2d 89. Errorless counsel is not required, and failure to call a particular witness or matters concerning general trial strategy are not generally considered as sufficient to amount to ineffective assistance of counsel. United States v. Garguilo, 324 F.2d 795 (2d Cir. 1963); Criser v. United States, 319 F.2d 849 (10th Cir. 1963); O'Malley v. United States, 285 F.2d 733 (6th Cir. 1961); United States, v. Duhart, 269 F.2d 113 (2d Cir. 1959); United States v. Cariola, 211 F.Supp. 423 (D.C.N.J.1962), affirmed, 3d Cir., 323 F.2d 180. The Court, after reviewing the trial record, denies petitioner a hearing on point 1 on the basis that the trial record conclusively shows as to such ground that petitioner was represented by competent counsel, and, therefore is not entitled to relief. Bolden v. United States, 320 F.2d 662 (7th Cir. 1963).

■ In his second contention, petitioner asserts that on four different occasions he was deprived of his rights by violations of Rule 43, Federal Rules of Criminal Procedure. The Court finds that the defendant was not prejudiced in any way by his absence from the proceedings he asserts as being violations of Rule 43. "The presence of a defendant must bear a reasonably substantial relationship to the opportunity to defend. The Constitution does not assure 'the privilege of presence when presence would be useless, or the benefit but a shadow'." Stein v. United States, 313 F.2d 518, 522 (9th Cir. 1962). On a direct appeal, the test is whether there is

any reasonable possibility of prejudice from the defendant's absence at any stage of the proceedings. Estes v. United States, 335 F.2d 609 (5th Cir. 1964). In the case of a collateral attack, the test must be whether as a result of such absence, he was deprived of either a fair trial or due process of law in some fundamental way. In regard to the contention that petitioner was not present during a hearing upon the Government's motion to restrain and enjoin a State Court from holding a commitment trial, the Court holds that this was not a stage of the proceeding within the contemplation of Rule 43, and even if it were, the record negates any reasonable possibility of prejudice to petitioner. Jones v. United States, 299 F.2d 661 (10th Cir. 1962), cert. denied, 371 U.S. 864, 83 S.Ct. 123, 9 L.Ed.2d 101, rehearing denied, 371 U.S. 931, 83 S.Ct. 294, 9 L.Ed.2d 239. In regard to the second occasion where petitioner was absent, the Court holds that petitioner had no right to be present during the drawing of the jury by the jury commissioners. Welch v. Holman, 246 F. Supp. 971 (M.D.Ala.1965), affirmed, 5 Cir., 363 F.2d 36. As to the third and fourth occasions of absence, it is well settled that discussions before the bench on questions of law and discussions involving instructions to be submitted to the Court held without the presence of a defendant are not error. United States v. Switzer, 252 F.2d 139 (2d Cir. 1958), cert. denied, 357 U.S. 922, 78 S.Ct. 1363, 2 L.Ed.2d 1366; Deschenes v. United States, 224 F.2d 688 (10th Cir. 1955).

 In his point numbered 9, petitioner claims that he was not allowed counsel after requesting same during a period of interrogation and, therefore, asserts that his oral admissions were involuntary, solely because he was not allowed to have counsel present during the interrogation. These allegations do not state a ground upon which relief can be granted. The petitioner, who was warned of his constitutional rights prior to any statements (Tr. 84), is attempting to invoke an application of the rules of law announced in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The case of Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), controls in this instance as petitioner's trial commenced in 1961 and was prior to the date of announcement of such decisions. Prior to the Escobedo case, there was no absolute right to counsel during interrogation. The question of right to counsel was decided on a case by case basis involving a determination of whether or not the alleged denial occurred at a "critical stage of the proceedings." Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

 In point 10, petitioner asserts that the oral admissions introduced in evidence against him were a product of coercion and duress in that petitioner was suffering from mental illness at the time he made the admissions. The only direct testimony in the transcript on this point is that the statements were voluntary (Tr. 89), and the record as a whole indicates that the statements were not coerced but were given freely, after the required constitutional warnings. Petitioner had undergone a psychiatric examination prior to trial and had been found by the Court to be mentally competent. The jury found petitioner to have been sane at the time of the offense charged and at the time of the trial. Thus, the question of petitioner's sanity was fully decided at the trial, and petitioner cannot now claim that he was incompetent at some time between the offense and the trial. Wheeler v. United States, 340 F. 2d 119 (8th Cir. 1965); Hill v. United States, 223 F.2d 699 (6th Cir. 1955), cert. denied, 350 U.S. 867, 76 S.Ct. 113, 100 L.Ed. 768; Dodd v. United States, 196 F.2d 190 (10th Cir. 1952), cert. denied, 343 U.S. 987, 72 S.Ct. 1084, 96 L.

Ed. 1374. Generally the admission of a confession at a plenary trial is not subject to attack under Section 2255 on the ground that the confession was coerced. Hodges v. United States, 108 U.S.App.D.C. 375, 282 F.2d 858 (1960), affirmed, 368 U.S. 139, 82 S.Ct. 235, 7 L.Ed.2d 184; McGuinn v. United States, 99 U.S.App.D.C. 286, 239 F.2d 449 (1956), cert. denied, 353 U.S. 942, 77 S.Ct. 818, 1 L.Ed.2d 762, cert. denied, 359 U.S. 915, 79 S.Ct. 591, 3 L.Ed.2d 577. These cases stand for the proposition that where the issue is raised and full opportunity is given to the defendant to develop such issue and he does not do so, or if he does do so, and does not appeal the conviction, he may not raise such issue by a collateral attack.

Point 11 concerning knowing use of perjured testimony concerns matters which were not material to petitioner's conviction and, therefore, does not entitle petitioner to Section 2255 relief, and is held to be without merit on the basis of the record. Slight differences and inconsistencies in testimony are insufficient to raise the question of the Government's knowing use of perjured testimony. Lauer v. United States, 320 F.2d 187 (7th Cir. 1963); Enzor v. United States, 296 F.2d 62 (5th Cir. 1961), cert. denied, 369 U.S. 854, 82 S.Ct. 940, 8 L.Ed.2d 12.

Petitioner's points numbered 21, 22, 23, and 24 concern attacks upon the constitutionality of Section 2113 of Title 18, United States Code. This section's constitutionality has been clearly established, and these points are without merit. Westfall v. United States, 274 U.S. 256, 47 S.Ct. 629, 71 L.Ed. 1036 (1927); Toles v. United States, 308 F.2d 590 (9th Cir. 1962), cert. denied, 375 U.S. 949, 84 S.Ct. 353, 11 L.Ed.2d 280; Curtis v. Hiatt, 74 F.Supp. 594 (M.D.Pa.1947), affirmed, 169 F.2d 1019 (3rd Cir. 1948), cert. denied, 336 U.S. 921, 69 S.Ct. 635, 93 L.Ed. 1083, rehearing denied, 336 U.S. 941, 69 S.Ct. 740, 93 L.Ed. 1098, rehearing denied, Curtis v. Humphrey, 336 U.S. 971, 69 S.Ct. 929, 93 L.Ed. 1122; Sanders v. Brady, 57 F.Supp. 87 (D.C.Md. 1944), cert. denied, Sanders v. United States, 317 U.S. 626, 63 S.Ct. 37, 87 L.Ed. 506.

The Court further holds that points 25, 26, 27, and 28 were not timely raised and therefore do not entitle petitioner to the relief sought under Section 2255. The Supreme Court in Shotwell Manufacturing Co. v. United States, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963), held that where the jury discrimination issue has not been raised in a federal case at the trial level, it cannot be raised for the first time on collateral attack. Petitioner did not raise this issue at the trial.

Petitioner's last point is that Rule 32(c) (1) of the Federal Rules of Criminal Procedure was violated by the Trial Judge's seeing his pre-sentence report before the verdict. His basis for this point is the erroneous supposition that since Judge Rice sentenced him immediately after the verdict, petitioner waiving the usual pre-sentence time, the Judge must have had the pre-sentence report before the trial. The record clearly indicates that petitioner was sentenced without the aid of a pre-sentence report and that Judge Rice therefore never saw a pre-sentence report before the verdict. (Tr. of Sentencing Proceedings 59). Thus, the Section 2255 motion based on this point is denied.

Finally, the Court has gotten the impression from studying this Section 2255 motion that petitioner is attempting here to have his case tried anew. The cases clearly are opposed to such a wide scope of review on Section 2255 motions. Manley v. United States, 352 F.2d 515 (5th Cir. 1965); Haynes v. United States, 339 F.2d 30 (5th Cir. 1964); Ellis v. United States, 353 F.2d 402 (8th Cir. 1965). And they are unanimous in their assertion that 2255 motions may not be used to re-try a case or take the place of an appeal. Ford v. United States, 363 F.2d 437 (5th Cir.

1966); Delegal v. United States, 363 F.
2d 433 (5th Cir. 1966), and cases cited
therein; United States v. Re, 372 F.2d
641 (2nd Cir. 1967), and cases cited
therein.